UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-30027-RWZ

UNITED STATES OF AMERICA

v.

CHRISTOPHER D. WILLSON

ORDER
June 17, 2011

ZOBEL, D.J.

Both parties have filed a number of motions pertaining to the evidence and the indictment.

1. The government seeks to offer rebuttal evidence as to the resolution (or lack thereof) of the large debts owed by EV Worldwide to Belcan and HERA to show that, contrary to defendant's testimony, they did not provide contributions "in kind." Because this issue was front and center during the government's case in chief, the proffered testimony is not properly "rebuttal" and the request to present it to the jury is denied.

2. Defendant moved for directed verdict at the close of the government's case (Docket # 186). The court reserved decision on the motion and now allows it as to Count 18 and part b of Count 1 of the most recently redacted indictment.

Fed. R. Crim. P. 29 dictates that the motion be decided on the basis of the evidence at the time the ruling was reserved. Count 18 alleges that defendant falsely represented to a Department of Transportation auditor "that an EVW office manager

had prepared Invoices 26 and 27 of the 7050 Grant." The only evidence in support of this count, a transcript of the recorded "exit interview" in 2006, was introduced during the cross-examination of defendant, after the government had rested. Accordingly, defendant's motion is allowed as to Count 18 only.

    3. Before the trial commenced, defendant sought leave to file late a motion to dismiss Count 18 of the original indictment, which is Count 1 in the redacted indictment (Docket # 169), on the ground that it is impermissibly duplicitous.

The motion to file late is allowed.

Given my ruling on defendant's motion for acquittal, the motion to dismiss Count 1 is denied. However, part b of Count 1 charges a conspiracy "to endeavor to influence, obstruct, and impede a federal auditor in the performance of official duties....", as to which charge the evidence is seriously wanting. Accordingly, defendant's motion for judgment of acquittal on that portion of Count 1 is allowed. (Docket # 169-1.)

    4. Finally, defendant moved to redact "prejudicial surplusage from the indictment" which refers to the listing in Count 1 of 62 overt acts. (Docket # 172).

In light of the rulings detailed above, the government has agreed to prepare a new and further redacted indictment which will also include a more economical recitation of overt acts, mooting defendant's motion.

|  |  |
|---|---|
|    June 17, 2011    |    /s/Rya W. Zobel    |

DATE                                      RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE